## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PACIFIC MARITIME ASSOCIATION<br>555 Market Street<br>San Francisco, CA 94105<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD<br>1099 14th Street N.W.<br>Washington, DC 20570<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Pacific Maritime Association ("PMA"), by and through undersigned counsel, brings this action against the National Labor Relations Board ("NLRB" or the "Board") seeking a declaratory judgment and injunctive relief holding that the NLRB acted beyond its statutory authority in issuing *Internal Brotherhood of Electrical Workers, Local 48*, 358 NLRB No. 102 (Aug. 13, 2012), a decision purportedly issued pursuant to 29 U.S.C. §§ 158(b)(4)(D) and 160(k). The NLRB was plainly without jurisdiction to adjudicate the matter as one of the two employee groups vying for the work at issue was composed of public-sector employees – employees expressly excluded from coverage under the National Labor Relations Act ("NLRA" or the "Act"). Not only did the Board impermissibly deny PMA's motion to intervene in the Board's proceedings, but the Board also failed to provide any explanation for expanding its jurisdictional reach to a group of employees expressly excluded from the NLRA by Congress. This *ultra vires* action by the Board has placed PMA in an untenable position with respect to its

member companies and the International Longshore and Warehouse Union ("ILWU") and threatens to destabilize the Coast-wide collective-bargaining relationship and disrupt the operations at the Ports on the West Coast. Hence, PMA requests that this Court declare the Board's decision null and void and take other appropriate action requested herein.

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1337 and the Federal Declaratory Judgment Act, as amended, 28 U.S.C. §§ 2201 and 2202. This action arises under and concerns provisions of the NLRA, as amended, 29 U.S.C. §§ 151 - 169.

2. Specifically, this Court is authorized by *Leedom v. Kyne*, 358 U.S. 184 (1958), *McCulloch v. Sociedad Nacional de Marineras de Honduras*, 372 U.S. 10 (1963), and their progeny to review action of the NLRB in excess of the agency's jurisdiction or its delegated powers.

3. This Court can grant declaratory and injunctive relief under 28 U.S.C. § 2201 (declaratory judgment) and 28 U.S.C. § 2202 (injunctive relief).

4. Venue is proper in the U.S. District Court for the District of Columbia under 28 U.S.C. § 1391(b) in that: (i) Defendant resides in the District of Columbia and (ii) a substantial part of the events giving rise to this claim occurred in the District of Columbia.

## PARTIES

5. Plaintiff PMA is a multi-employer collective-bargaining agent for its members, which include the approximately 50 stevedore companies, marine terminal operators and maintenance contractors who employ longshoremen and other categories of dockworkers at waterfront facilities located at ports in California, Oregon and Washington as well as the approximately 20 ocean carriers who engage the stevedore companies, marine terminal operators, and maintenance contractors to load and unload cargo from their seagoing vessels.

6. PMA's headquarters are located at 555 Market Street, San Francisco, CA 94105.

7. PMA's primary purpose is to negotiate, enter into, and administer on behalf of its members collective-bargaining agreements with the ILWU and certain of its Longshore Division Local Unions, which represent the West Coast dockworkers.

8. PMA is authorized to bring this action on behalf of itself and its member companies.

9. PMA has entered into the Pacific Coast Longshore Contract Document ("PCLCD") with the ILWU, which among other locations and employees covers longshoremen in the Port of Portland, Oregon.

10. Defendant NLRB is an independent federal agency. The NLRB's headquarters are located at 1099 14th St., N.W., Washington, DC 20570.

## FACTUAL BACKGROUND

11. For 65 years, the NLRB has been empowered to resolve work jurisdiction disputes between groups of NLRA-covered employees under Section 8(b)(4)(D) and Section 10(k) of the NLRA, 29 U.S.C. §§ 158(b)(4)(D) and 160(k).

12. ICTSI Oregon, Inc. ("ICTSI") employs longshoremen covered by the PCLCD at Terminal 6 in the Port of Portland, Oregon.

13. ICTSI is presently a PMA member.

14. PMA-member ICTSI, without PMA's support, filed a charge with the NLRB on May 10, 2012, alleging that International Brotherhood of Electrical Workers, Local 48, AFL–CIO ("IBEW") violated Section 8(b)(4)(D) of the NLRA by engaging in proscribed activity with an object of forcing ICTSI to assign certain work to employees of the Port of Portland, represented by the IBEW, rather than to employees represented by the ILWU.

15. The Board undertook a purported investigation of ICTSI's charge.

16. To initiate a Section 10(k) proceeding, the Board must have reasonable cause to believe that a labor organization has violated Section 8(b)(4)(D).

17. In response to ICTSI's charge, the NLRB initiated a Section 10(k) proceeding to determine whether the IBEW-represented employees of the Port of Portland or the ILWU-represented employees should be awarded the work at issue.

18. ICTSI took the position in the Section 10(k) proceeding that its contractual lease with the Port of Portland, which allegedly requires that the Port of Portland's IBEW-represented employees perform certain plugging, unplugging, and monitoring of refrigerated cargo containers, should supersede ICTSI's obligation to have such work performed by ILWU-represented employees under the PCLCD.

19. On May 21, 2012, PMA filed a written motion to intervene in the work assignment dispute based on its status as an interested party, given that the case involved a PMA-member, ICTSI, as well as the collective bargaining agreement with the ILWU administered by PMA, the PCLCD.

20. The NLRB had previously permitted PMA to intervene in numerous previous work assignment disputes involving PMA members and ILWU-PMA collective bargaining agreements.

21. On May 24, 2012, the NLRB's Regional Director denied PMA's motion to intervene.

22. On June 12, 2012, PMA filed a written request for special permission to appeal the Regional Director's denial of PMA's intervention motion. PMA asserted that "if [it] had been allowed to participate, it would have established that the Port of Portland, a

governmental agency that is not an employer under the Act, is the employer of the IBEW-represented employees seeking jurisdiction over the disputed work" and that there could be no jurisdictional dispute within the meaning of Section 8(b)(4)(D) of the Act.

23. PMA's request for special permission to appeal to the Board was accompanied by a brief in support of the request, which recited that PMA has a "vital interest in the outcome of the proceeding" due to its impact on the PCLCD and other PMA member companies, and PMA consequently is an "interested party" as defined by Board precedent and the Administrative Procedure Act in Section 554(c):  "[An] agency shall give all interested parties opportunity for … the submission and consideration of facts, arguments, offers of settlement, or proposals of adjustment when time, the nature of the proceeding, and the public interest permit … ."  5 U.S.C. § 554(c).

24. PMA's brief in support of the request for special permission to appeal emphasized that "ICTSI could not represent PMA's interests because they have opposing views on which employees should perform the work at issue" and "the ILWU cannot represent PMA's interests in this case because they are collective bargaining adversaries with highly dissimilar interests and members with competing goals."

25. PMA's brief also substantively argued that "Section 8(b)(4)(D), by its plain terms, can be violated only where a labor organization tries to force an employer to assign work to one group of employees over another group of employees.  This means, of course, that the dispute must be between two groups of 'employees' under the Act."

26. After ICTSI filed a response in opposition to PMA's request for special permission to appeal, PMA filed a written reply on June 18, 2012.  The reply confirmed that "it is beyond dispute that the Port of Portland is a subdivision of the State of Oregon."  The

reply further argued that "ICTSI does not cite a single case – and there is none – holding that the Board can issue a 10(k) award where, as here, one group of workers claiming the disputed work is employed by a state government entity."

27. On August 13, 2012, the Board issued a Section 10(k) award, granting the disputed work to the Port of Portland's employees, represented by the IBEW, Local 48. *See IBEW, Local 48*, 358 NLRB No. 102 (Aug. 13, 2012). In a footnote, the Board summarily dispensed with PMA's motion to intervene because "PMA's request is denied inasmuch as the record and briefs herein adequately present the issues before the Board and the positions of the parties." *Id.* at n. 4.

28. Throughout the Board's August 13, 2012 decision, the Board states and admits repeatedly as undisputed fact that the IBEW-represented employees seeking the work at issue were employees of the Port of Portland, a state governmental entity.

29. The Board in *IBEW, Local 48* stated that it had statutory authority to issue an award because "the Board need have jurisdiction only over the employer that is the target of a respondent union's unlawful conduct," which in this case is ICTSI, not the Port of Portland. 358 NLRB No. 102, at slip op. 3.

30. At no point in the decision did the Board address the statutory argument PMA presented in its motion to intervene, namely that Section 8(b)(4)(D) only grants the Board jurisdiction to issue a Section 10(k) award where the two groups of "employees" vying for the work at issue are "employees" as defined by the NLRA.

31. On August 20, 2012, PMA filed a motion for reconsideration with respect to the Board's August 13, 2012 decision. The motion reiterated that "[t]he employees awarded the work, represented by the IBEW, Local 48, are employees of a public-sector entity, the Port

of Portland. They are not statutory employees within the meaning of 29 U.S.C. § 152(3)." The motion continued by citing clear statutory language to show that "Section 8(b)(4)(D) is only invoked where two groups of statutory employees, as defined by Section 2(3) of the Act, are seeking the same work."

32. PMA's motion further produced new evidence to show PMA's status as an interested party in the dispute entitled it to status as an Intervenor. As PMA explained to the Board, "[j]ust two days after the Section 10(k) decision, PMA and its member companies received simultaneous demand letters from ICTSI, the Port of Portland, and the ILWU." The letters threatened "a whole host of legal claims against PMA" should PMA not side with each party's respective interpretation on the legal issues involved in the Section 10(k) decision as well as other related litigation.

33. On August 29, 2012, the NLRB summarily denied PMA's motion for reconsideration, thereby exhausting all administrative review procedures available to PMA as related to PMA's independent interests.

34. As demonstrated amply by the conflicting letter demands PMA received, the Board's *ulta vires* action has placed PMA in an untenable position and the functioning of the West Coast ports, including foreign commerce with the United States, has been placed in jeopardy.

35. PMA has no other means of review of the NLRB's actions, as it has been denied Intervenor status, and based on information and belief unfair labor practice proceedings are presently occurring without its participation.

36. The validity, or lack thereof, of the Board's Section 10(k) award in *IBEW, Local 48* is of paramount concern and importance to PMA and its members, and PMA has no

other effective means within its control to protect and enforce its rights.

## CLAIMS FOR RELIEF

### COUNT 1
### (The 10(k) Decision is Not in Accordance With the NLRA and Exceeds the Board's Statutory Authority)

37. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 36 of this Complaint, as though fully set forth below.

38. In the NLRA, Congress provided the Board with limited authority.

39. Section 10(k) of the NLRA provides that "the Board is empowered and directed to hear and determine the dispute[s]" "within the meaning of paragraph (4)(D) of section 158(b) of this title." 29 U.S.C. § 160(k).

40. An unfair labor practice under Section 8(b)(4)(D) is possible only where two groups of statutory employees, as defined by Section 2(3) of the Act, are seeking the same work:

> [F]orcing or requiring any employer to assign particular work *to employees* in a particular labor organization or in a particular trade, craft, or class rather than *to employees* in another labor organization or in another trade, craft, or class, unless such employer is failing to conform to an order or certification of the Board determining the bargaining representative for employees performing such work.

29 U.S.C. § 158(d)(4)(D) (emphasis added).

41. Under the NLRA, the term "employee" is expressly defined to **exclude** employees of any government or public-sector entity, which unambiguously includes employees of the Port of Portland:

> The term "employee" shall include any employee, and shall not be limited to the employees of a particular employer, unless this subchapter explicitly states otherwise, and shall include any individual whose work has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular and substantially equivalent employment, *but shall not include any individual employed* as an

agricultural laborer, or in the domestic service of any family or person at his home, or any individual employed by his parent or spouse, or any individual having the status of an independent contractor, or any individual employed as a supervisor, or any individual employed by an employer subject to the Railway Labor Act [45 U.S.C. 151 et seq.], as amended from time to time, or ***by any other person who is not an employer as herein defined.***

29 U.S.C. § 152(3) (emphasis added).

42. The NLRA makes clear that "employer" **does not include** "any State or political subdivision thereof[.]" 29 U.S.C. § 152(2).

43. Based on the Board's August 13, 2012 decision in *IBEW, Local 48*, in which the Board issued a Section 10(k) award where one of the groups vying for the work indisputably was not made up of statutory employees under the NLRA, the Board acted in excess of its delegated powers and contrary to specific statutory language in Section 8(b)(4)(D) that is clear and mandatory.

44. The Court has jurisdiction to hear this claim because the Board's action is beyond the authority granted to the Board in the NLRA.

45. Without this Court's jurisdiction, PMA would be wholly deprived of any means within its control to remedy the Board's *ultra vires* action.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in its favor and:

1. Declare that Defendant was without authority to issue its Section 10(k) award in *IBEW, Local 48*, 358 NLRB No. 102 (Aug. 13, 2012);

2. Vacate and set aside the decision in *IBEW, Local 48*, 358 NLRB No. 102 (Aug. 13, 2012);

3. Enjoin and restrain Defendant, its agents, employees, successors, and all other

       persons from enforcing, applying, or implementing (or requiring others to enforce, apply, or implement) the decision in *IBEW, Local 48*, 358 NLRB No. 102 (Aug. 13, 2012);

4. Award Plaintiff its costs of litigation, including reasonable attorney's fees; and

5. Grant Plaintiff such other relief as may be necessary and appropriate or as the Court deems just and proper.

Dated:  September 7, 2012    Respectfully submitted,

 /s/ Howard M. Radzely
MORGAN, LEWIS & BOCKIUS LLP
Howard M. Radzely (D.C. Bar #437957)
Charles I. Cohen (D.C. Bar #284893)
David R. Broderdorf (D.C. Bar #984847)
1111 Pennsylvania Avenue, NW
Washington, D.C.  20004
(202) 739-5996

Counsel for PACIFIC MARITIME ASSOCIATION