IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**PACIFIC MARITIME ASSOCIATION,**

      Plaintiff,

  v.

**NATIONAL LABOR RELATIONS BOARD,**

      Defendant.

No. 3:12-cv-02179-MO

OPINION AND ORDER

**MOSMAN, J.**,

      On September 7, 2012, Pacific Maritime Association ("PMA") filed the instant action to vacate the National Labor Relations Board's (the "NLRB") Section 10(k) decision. (Compl. [1].) Neither ICTSI nor the Port of Portland sought to intervene after PMA filed its complaint, nor in the eight months in which PMA and the NLRB filed and briefed dispositive motions, nor after the Court held oral argument on June 4, 2013. Instead, both ICTSI and the Port of Portland have chosen to wait until four weeks after the Court entered a final judgment [54] to seek intervention. That ship has sailed. These motions to intervene [55, 60] are therefore denied as untimely.

1 – OPINION AND ORDER

**DISCUSSION**

**I.      Intervention of Right**

To intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2), an applicant for intervention must make four showings: "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (internal quotation marks omitted). "Failure to satisfy any one of the requirements is fatal to the application, and [the court] need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

Here, ICTSI and the Port of Portland do not meet the third element, timeliness. "In determining whether a motion for intervention is timely, [the court] consider[s] three factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of delay.'" *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting *Cnty of Orange v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986)).

As to the first factor—the stage of the proceeding—this action has already concluded. ICTSI and the Port of Portland seek to intervene four weeks after the Court entered final judgment. Post-judgment motions to intervene are generally disfavored and are reserved for exceptional cases. See *Calvert v. Huckins*, 109 F.3d 636, 638 (9th Cir. 1997); *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir. 1978). According to ICTSI and the Port of Portland, this is the exceptional case where the Court should allow post-judgment intervention.

Specifically, they argue that intervention would protect their right to appeal and would allow the Court to reconsider the impact of its ruling on related proceedings, including five related cases[1] pending before Judge Simon of this district.

I disagree. The only thing exceptional about this action, for purposes of these motions, is the extent to which ICTSI and the Port of Portland have sat on their hands before seeking intervention. This action was filed in the United States District for the District of Columbia on September 7, 2012. The NLRB filed a notice of related cases [16] on October 17, 2012, notifying the District of Columbia court of the existence of four related cases pending before Judge Simon. On November 20, 2012, the District of Columbia court granted [21] the NRLB's motion to transfer venue, and the case was electronically transferred [24] to the District of Oregon on November 30, 2012, where it was assigned to me.

It should be obvious that I do not actually peruse pleadings filed in other districts. And every day in this court there are businesses and other parties with cases pending before more than one judge. If that poses an issue, we rely on the parties to tell us. Yet over the next six months, the parties here continued to brief their dispositive motions and eventually scheduled oral argument [49]. Then, on June 4, 2013, I heard oral argument and found in favor of PMA [51]. I issued my final judgment [54] shortly thereafter. At no point did ICTSI or the Port of Portland file a notice of related cases or a motion to intervene. Even the NLRB, who filed the notice of related cases in the District of Columbia, remained silent after this action was assigned to me rather than to Judge Simon. Indeed, no one connected with this action took any step, formal or informal, to raise any question about the assignment of this action to me.

---

[1] *See Int'l Longshore & Warehouse Union v. ICTSI Or., Inc.*, No. 3:12-cv-01058-SI (D. Or. filed June 13, 2012); *Hooks v. Int'l Longshore & Warehouse Union*, No. 3:12- cv-01088-SI (D. Or. filed June 18, 2012); *Pac. Mar. Ass'n v. Int'l Longshore & Warehouse Union, Local 8*, No. 3:12-cv-01100-SI (D. Or. filed June 19, 2012); *Int'l Longshore & Warehouse Union v. Port of Portland*, No. 3:12-cv-01494-SI (D. Or. filed Aug. 16, 2012); *Hooks v. Int'l Longshore & Warehouse Union*, No. 3:12-cv-01691-SI (D. Or. filed Sept. 19, 2012).

3 – OPINION AND ORDER

What is more, silence on the part of ICTSI and the Port of Portland appears to have been a considered choice. ICTSI and the Port of Portland learned about this action no later than November 6, 2012, when it was discussed at oral argument before Judge Simon in the presence of counsel for both entities. *See* Transcript of Oral Argument at 61–62, *Int'l Longshore & Warehouse Union v. ICTSI Or., Inc.*, No. 3:12-cv-01058-SI (D. Or. filed June 13, 2012), ECF No. 108. Furthermore, the Port of Portland has demonstrated its willingness to intervene aggressively in other, related actions. *See* Mot. to Intervene, *id.*, ECF No. 24 (seeking intervention in a related action just seven days after it was filed). For ICTSI and the Port of Portland to have charted the course I have just described and then to have come to me asking for expedited consideration of their motions to intervene is truly extraordinary, just not in the way they might have hoped. It is a little like Penelope complaining that her tapestry is not finished. Therefore, I find that this first factor weighs heavily in favor of untimeliness.

As to the second factor—the prejudice to other parties—intervention at this advanced stage would unduly delay final resolution of this case. Of course, "additional delay is not alone decisive." *League*, 131 F.3d at 1304. But where, as here, the applicant appears to have purposefully waited for many months to seek intervention and does so only after a final judgment has been entered, "the additional delay caused by the intervenor's presence is indeed relevant to the timeliness calculus." *Id*. Therefore, I find that the second factor also weighs in favor of untimeliness.

As to the third factor—the reason for delay—ICTSI and the Port of Portland have not identified a sufficient reason. The key date in assessing timeliness is "the date that the applicant should have been aware [its] interest[s] would no longer be protected adequately by the parties." *id.* (internal quotation marks omitted) (alteration in original). ICTSI and the Port of Portland

4 – OPINION AND ORDER

argue that they discovered the risk that their interests might no longer be adequately protected only recently, when the NLRB informed them it has not yet made a final decision regarding appeal. *See Yniguez v. Arizona*, 939 F.2d 727, 737 (9th Cir. 1991).

That reason is insufficient here. "Where an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy arises." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996) (internal quotation marks omitted). The NLRB, ICTSI, and the Port of Portland undoubtedly have the same ultimate objective: upholding the NLRB's jurisdiction to issue the disputed Section 10(k) decision. And the fact that the NLRB has not yet made a final decision regarding appeal does not rebut the presumption of adequacy here. By ICTSI and the Port of Portland's own admission, the NLRB is actively defending its jurisdiction to issue the same Section 10(k) decision in a currently pending appeal before the Ninth Circuit. (Mem. [56] at 6.) In addition, ICTSI filed an amicus brief in that appeal to support the NLRB's decision. Consequently, the fact that the NLRB has not yet decided whether to appeal this action before me does not show that ICTSI and the Port of Portland's interests are no longer being adequately protected. As a result, I find that the third factor weighs in favor of untimeliness, too.

Because all three timeliness factors weigh against ICTSI and the Port of Portland, they have no right to intervene under Rule 24(a)(2).

## II.    Permissive Intervention

The court may permit a party to intervene if it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Courts consider a number of relevant factors. *See Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011). As with intervention as a matter of right, however, "[a] finding of untimeliness defeats a motion for

permissive intervention." *United States v. Washington*, 86 F.3d 1499, 1507 (9th Cir. 1996).

Therefore, for the reasons discussed above, permissive intervention is not appropriate here.

## CONCLUSION

Based on the forgoing, I DENY these motions to intervene [55, 60] and DENY AS MOOT ICTSI's motion for reconsideration [59].

IT IS SO ORDERED.

DATED this 2nd day of August, 2013.

/s/Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge